IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

TUERGAN ABUDUMIJITI,
6152 Kendra Way,
Centreville, Virginia 20121,

        Plaintiff.


        v.                                Case No. 19-cv-2588
                                         **JURY DEMANDED**

Hon . CHRISTOPHER WRAY,
Director, Federal Bureau of Investigation,
935 Pennsylvania Avenue NW,
Washington, D.C. 20535, in his official capacity,

Hon. CHARLES H. KABLE,
Director, Terrorist Screening Center,
935 Pennsylvania Avenue NW,
Washington, D.C. 20535, in his official capacity,

Hon. DEBORAH O. MOORE,
Director, Travelers Redress Inquiry Program,
601 South 12th Street, TSA-901
Arlington, Virginia 20598, in her official capacity,

Hon. JOSEPH MAGUIRE,
Director, National Counterterrorism Center,
1500 Tysons McLean Drive
McLean, Virginia 22102
in his official capacity,

Hon. DAVID P. PEKOSKE,
Administrator, Transportation Security Administration,
601 12th Street,
Arlington, Virginia 22202
in his official capacity,

and

1

Hon. MARK A. MORGAN,
       Acting Commissioner, United States Customs and
       Border Protection,
1300 Pennsylvania Avenue NW,
Washington, D.C. 20229, in his official capacity,

                    Defendants.

## COMPLAINT

Petitioner, TUERGAN ABUDUMIJITI, alleges and states:

1. Plaintiff was granted asylum by the immigration authorities but now finds he cannot return to the United States from a visit to Sweden because he has been placed on the No Fly List.

2. Please note these acronyms:

**FBI:** Federal Bureau of Investigation

**TSA**: Transportation Security Administration

**TSC**: Terrorism Screening Center

**TSDB**: Terrorism Screening Data Base

**TRIP**: Travelers' Redress Inquiry Program

## PARTIES

3, Plaintiff TUERGAN ABUDUMIJITI is a citizen of the People's Republic of China and a resident of the Eastern District of Virginia under a grant of asylum status.

4. Defendants are all officials, agents, and employees of the United States sued in their official capacities.

5. Defendant Hon. CHRISTOPHER WRAY is Director of the Federal Bureau of Investigation, located in the District of Columbia.

6. Defendant Hon. CHARLES H. KABLE.is the Director of the Terrorist Screening

Center (the TSC), located in the District of Columbia. This Center maintains a Terrorism

Screening Data Base (the TSDB), a computerized list of persons subject to higher scrutiny

and harassment when they try to travel. A subset of the TSDB is the No Fly List, persons who

are categorically denied the right to travel by air, which in effect means they are categorically

denied the right to travel at all to some destinations.

7. Defendant Hon. DEBORAH O. MOORE is Director of the Travelers' Redress Inquiry

Program (TRIP), an attempt to comply with 49 U.S.C.  § 44926, "Appeal and redress process for

passengers wrongly delayed or prohibited from boarding a flight."

8. Defendant Hon. JOSEPH MAGUIRE is Director of the National Counterterrorism

Center.

9. Defendant Hon. DAVID P. PEKOSKE, is the Administrator of the Transportation

Security Administration, which is charged under 49 U.S.C. § 114 and other provisions with

protecting the safety of air travel.

10. Defendant Hon. MARK A. MORGAN is the Acting Commissioner of United States

Customs and Border Protection, located in the District of Columbia.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under U.S. Constitution, Article III; the

Federal question statute, 28 U.SC. § 1331;  the declaratory judgment provisions, 28 U.S.C. §

2201, 2202, and Rule 57 of the Federal Rules of Civil Procedure; the All Writs Act, 28 U.S.C. §

1651; the mandamus statute, 28 U.S.C. § 1361; the Administrative Procedure Act, 5 U.S.C. §

701-706. Also conferring jurisdiction are: 42 U.S.C. § 1981, guaranteeing equal benefit of all

laws;  the amendments to the Constitution of the United States, especially the Fourth, Fifth,

Sixth, Eighth, and Fourteenth Amendments; 28 U.S.C. § 1350, the alien's tort claim statute; the

International Covenant on Civil and Political Rights; the American Declaration of the Rights and

Duties of Man; other treaties and agreements of the United States; and customary

international law;

12. Venue lies in the District of Columbia. 28 U.S.C. § 1391(b) and (e).  Respondents,

acting within the District of Columbia, have caused and are causing the deprivations and

violations of petitioner's rights. Complete relief can be effected within the District of Columbia.

**FACTS**

13. Plaintiff TUERGAN ABUDUMIJITI is a national of the People's Republic of China,

from the Xinjiang Uygur Autonomous Region in western China. He is a Uyghur, a person of

Turkic ethnicity and Islamic religion. He fled China because he was subject to persecution there

by reason of his religious beliefs, his ethnicity, his political views, and other protected grounds.

On December 17, 2018, the United States Citizenship and Immigration Service Asylum Office in

Arlington, Virginia, granted him asylum under U.S. law This discretionary grant, entered after a

thorough background check, included an implicit finding that he was of good character and was

no security threat to the United States or to American interests. Plaintiff has invested heavily in a

supermarket in Queens, New York.

14. Plaintiff was granted a travel document authorizing his travel abroad and reentry to

the United States through March 2020. In May or June, 2019, he traveled to Sweden to visit

family there. Immediately before he left the United States, FBI agents contacted plaintiff and

said they wanted to talk to him, and agreed to meet with him when he got back from Sweden.

15. On June 15 and 16th, 2019, plaintiff went to the airport at Gothenburg, Sweden,

planning to return to the United States with a fully-paid ticket good for passage on Scandinavian

Airlines to Newark International Airport, Newark, New Jersey. The personnel at the airport

refused to let him board his flight and told him he was barred by United States authorities.

Subsequent inquiry at the U.S. Embassy in Stockholm confirmed that under United States immigration law plaintiff is authorized to enter and reenter the United States freely.

16. Again on July 22, 2019, plaintiff was refused boarding on flights to the United States on the grounds that he was barred by United States authorities.

17. On July 26, 2019, three FBI officers interrogated plaintiff in Sweden, focusing their questions on a business trip he took to Turkey in the winter of 2014-2015 and on his relationship with a cousin who lives in Sweden. Plaintiff assured the FBI officials that he is innocent of any wrongdoing and knows nothing to implicate anyone else in any wrongdoing.

18. A fourth time, on July 29, 2019, plaintiff went to the airport and was refused boarding on flights to the United States on the grounds that he was barred by United States authorities. Again personnel at the U.S. Embassy in Stockholm assured plaintiff that there was no legal obstacle to his return to and reentry to the United States.

19. Defendant WRAY and his agents in the Federal Bureau of Investigation regularly nominate persons to the Terrorist Screening Center for listing in the Terrorist Screening Data Base. Defendant KABLE and his agents at the TSC reportedly accept about 98% of these nominations and place the names on the TSDB. The standard of proof is "reasonable suspicion" of some involvement with illegal activity, a standard appropriate for investigation but not for hostile activity or for any deprivation of rights. Nevertheless, the TSDB is distributed widely and does result in deprivation of rights. Specifically, defendants and others require domestic and foreign airlines to refuse passage to otherwise qualified passengers if their names are on the No Fly List portion of the TSDB.

20. Defendants, or one or more among them, are barring plaintiff from returning to the

United States by placing him on the No Fly List, or on some other part of the Terrorism Security

Data Base, or are otherwise barring plaintiff from travel to the United States.

21. Plaintiff has a fully paid ticket for a flight to the United States and is booked to fly on

August 29, 2019. Plaintiff anticipates that he will again be denied the right to return to the United

States.

22. Plaintiff has never committed or supported any act of terrorism and is firmly

committed against terrorism or any other form of unlawful violence. He is no danger to the

United States or any United States interest. His only desire is to reenter the United States and

continue his lawful and law-abiding business investments here under his grant of asylum.

Plaintiff hopes to be granted lawful permanent resident status within a year, which would after

five years entitle him to apply for United States citizenship.

## INADEQUACY OF ADMINISTRATIVE REMEDIES AND EXHAUSTION OF REMEDIES

23. On or about July 30, 2019, Plaintiff submitted a complaint to TRIP, the Travelers

Redress Inquiry Program. He received Redress Control Number 2293374 and no further

response. He is informed that TRIP will not even review his request till at least three months

have passed.

## COUNT ONE: DEPRIVATION OF PROTECTED LIBERTIES IN VIOLATION OF FIFTH AMENDMENT RIGHT TO SUBSTANTIVE DUE PROCESS.

24. Plaintiff repeats and incorporates by reference all the above allegations.

25. The right to travel and to enter and reenter the United States is a fundamental right

guaranteed against undue governmental restrictions. Inclusion on the No Fly List effectively

abolishes the right to travel for long distances and for persons outside of North American it

abolishes the right to enter or reenter the United States.

26. Defendants' above activities violate of the Fifth and Fourteenth Amendments' guarantees against the deprivation of liberty or property without due process.

WHEREFORE Plaintiff requests relief as prayed for below.

## COUNT TWO:
### PLACEMENT ON THE TSDB OR THE NO FLY LIST IN VIOLATION OF THE FIFTH AMENDMENT

27. Plaintiff repeats and incorporates by reference all the above allegations.

28. Placement of a name on the TSDB, and especially on the No Fly List, leads to substantial delays and limitations on anyone trying to travel by air. Defendants provide no notice or right to be heard before placing someone on those lists, and do so on grounds far too insubstantial to justify such impositions.

29. Defendants' above activities violate of the Fifth and Fourteenth Amendments' guarantees against the deprivation of liberty or property without due process.

WHEREFORE Plaintiff requests relief as prayed for below.

## COUNT THREE:
### FAILURE TO PROVIDE POST-DEPRIVATION NOTICE AND HEARING IN VIOLATION OF THE FIFTH AMENDMENT

30. Plaintiff repeats and incorporates by reference all the above allegations.

31. Defendants require that all complaints about improper use of the Terrorist Screening Data Base be submitted through the Travelers Redress Inquiry Program. There is no other way to remedy mistakes. The procedures of that program explicitly require that persons not be told what

lists, if any, they are on and not be told the evidence against them, if there are governmental

interests in keeping those facts secrete. The TRIP office is hopelessly understaffed and

cannot even begin resolving a complaint for several months.

32. These procedures and lack of procedures violate the due process clauses of the Fifth

and Fourteenth Amendments und fundamental considerations of fairness.

WHEREFORE Plaintiff requests relief as prayed for below.

## COUNT FOUR:
### UNLAWFUL AGENCY ACTION AND VIOLATION OF THE
### ADMINISTRATIVE PROCEDURE ACT,  5  U.SC. 702, 706

33. Plaintiff repeats and incorporates by reference all the above allegations.

34. These procedures and lack of procedures are arbitrary and capricious and violate the

Administrative Procedure Act, 5 U.S.C.  § 702, 706, etc

WHEREFORE Plaintiff requests relief as prayed for below.

## COUNT FIVE:
### BREACH OF IMMIGRATION LAW

35. Plaintiff repeats and incorporates by reference all the above allegations.

36. By denying Plaintiff the benefits conferred on him by the immigration laws of the

United States and by the United States Citizenship and Immigration Service, Defendants have

violated the immigration laws of the United States.

WHEREFORE Plaintiff requests relief as prayed for below.

## COUNT SIX:
## MONEY DAMAGES

37. Plaintiff repeats and incorporates by reference all the above allegations.

38. Defendants' actions have cost Plaintiff direct expenses in cancelled tickets and other costs, as well as loss of business opportunities and other financial damages. Defendants' actions were carried out under color of their authority as agents and employees of the United States, which is therefore liable for the damages.

WHEREFORE Plaintiff requests relief as prayed for below.

## COUNT SEVEN:
## INTERNATIONAL LAW

39. Plaintiff repeats and incorporates by reference all the above allegations.

40. Defendants, and the United States, are required by various international compacts to give refuge to persons fleeing from persecution. Plaintiff was recognized as such by the grant of asylum to him on December 17, 2018. Defendants' actions violate these provisions.

WHEREFORE Plaintiff requests relief as prayed for below.

## COUNT EIGHT:

41. Plaintiff repeats and incorporates by reference all the above allegations.

42. Defendants' reports about Plaintiff, and their placing him on various data bases and the No Fly List, violate the Fair Credit Reporting Act, 15 USC 1681 et seq.

WHEREFORE Plaintiff requests relief as prayed for below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. A declaratory judgment that defendants' policies and practices and customs violate the Fifth Amendment to the United States Constitution and the Administrative Procedure Act;

2. An injunction that requires defendants to remedy the constitutional and statutory violations identified above;

3. An injunction requiring defendants to remove plaintiff from any watch lists or databases that burden or prevent him from flying or entering the United States, including the No Fly List;

4. A specific injunction prohibiting defendants from interfering with plaintiff's travel from Sweden to the United States in the near future;

5. A trial by jury;

6. Money damages to cover the costs and loss of opportunities incurred by plaintiff;

7. An award of attorneys' fees, costs, and expenses of all litigation pursuant to 28 US code 2412 and other provisions.

8. And such other relief as the court may deem just and proper.

Respectfully submitted,

August 27, 2019

*Gaillard T. Hunt*

_____
GAILLARD T. HUNT
        Attorney for Plaintiff
(D.C. Bar No. 089375)
10705 Tenbrook Drive
Silver Spring, Maryland 20901
(Not admitted in Maryland)
301-530-2807, (Fax: 301-564-6059)
gthunt@mdo.net

**JURY DEMAND**

Plaintiff hereby demands trial by jury of the above causes of action.


Respectfully submitted,

August 27, 2019

_Gaillard T. Hunt_

_____
GAILLARD T. HUNT
      Attorney for Plaintiff